UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-505 JGB (DTBx)** | Date | June 8, 2017 |
| Title | *Julio Murrieta Alvarado v. FCA US, LLC, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:    Order: (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 15); and (2) VACATING the June 12, 2017 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff's Motion to Remand the matter to state court. (Dkt. No. 15.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion.

## I. BACKGROUND

On December 23, 2016, Julio Murrieta Alvarado ("Plaintiff") filed his complaint in the Riverside County Superior Court, alleging state law causes of action for breach of express and implied warranties under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792-1795.5 ("Song-Beverly Act"), and fraudulent concealment against FCA US LLC ("Defendant"), J. Velarde, Inc., dba Crystal Chrysler Jeep Dodge Center,[1] and Does 1 through 10. (Notice of Removal, Dkt. No. 1; "Complaint," Dkt. No. 1-1.) Defendant removed the action to this Court on March 17, 2017 under 28 U.S.C. §§ 1332, 1441(a), and 1446(a). (Notice of Removal.) In support of the Notice of Removal, Defendant filed the Declaration of Kris Krueger. (Krueger Decl., Dkt. No. 2.) On April 18, 2017, Plaintiff filed a Motion to Remand, alleging first that principles of comity warrant remanding the case, second, that Defendant's Notice of Removal fails to establish the citizenship of its foreign members, and third, that Defendant fails to meet its burden to establish the amount in controversy exceeds $75,000 as required by 28 U.S.C.

---

[1] J. Velarde, Inc., dba Crystal Chrysler Jeep Dodge Center was dismissed with prejudice on February 21, 2017. (Dkt. No. 1-7.)

§ 1332. ("Motion," Dkt. No. 15.) In support, Plaintiff filed the Declaration of Alastair Hamblin, (Hamblin Decl., Dkt. No. 15-1), as well as Objections to the Krueger Declaration. (Dkt. No. 15-3.)

On May 16, 2017, Defendant filed its Opposition to Plaintiff's Motion. ("Opposition," Dkt. No. 23.) In support of its Opposition, Defendant filed the Declaration of Scott Shepardson, (Shepardson Decl., Dkt. No. 23-1), which includes the following Exhibits:

- Exhibit 1: relevant translations of Book 2 of the Dutch Civil Code (Dkt. No. 23-2);
- Exhibit 2: order denying a motion to remand in Darlene Garcia v. FCA US LLC, case no. 1:16-cv-00730-DAD-BAM (Dkt. No. 23-3);
- Exhibit 3: order denying a motion to remand in Leon Dienes v. FCA US LLC, case no. 3:16-cv-01812-AJB-BGS (Dkt. No. 23-4);
- Exhibit 4: order denying a motion to remand in Dennis L. Hall & Michelle L. Hall v. FCA US LLC, case no. 1:16-cv-00684-DAD-JLT (Dkt. No. 23-5);
- Exhibit 5: order denying a motion to remand in Laura Lee v. FCA US LLC, case no. 2:16-cv-05190-PSG-MRW (Dkt. No. 23-6);
- Exhibit 6: order denying a motion to remand in Gloria Lawrence v. FCA US LLC, case no. 2:16-05452-BRO-GJS (Dkt. No. 23-7);
- Exhibit 7: order denying a motion to remand in David John Patty & Sheila Renee Kirchner v. FCA US LLC, case no. 2:16-cv-01332-MCE-CKD (Dkt. No. 23-8);
- Exhibit 8: Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) signed by Jay E. Weaver, and the Warranty Claim Summary Report for Plaintiff's vehicle certified as authentic by Mr. Weaver ("Pl Claim Report," Dkt. No. 23-9);
- Exhibit 9: plaintiff's motion for remand in Leon Dienes v. FCA US LLC, case no. 3:16-cv-01812-AJB-BGS (Dkt. No. 23-10);
- Exhibit 10: plaintiff's motion for remand in Darlene Garcia v. FCA US LLC, case no. 1:16-cv-00730-DAD-BAM (Dkt. No. 23-11); and
- Exhibit 11: plaintiff's motion for remand in Dennis L. Hall & Michelle L. Hall v. FCA US LLC, case no. 1:16-cv-00684-DAD-JLT (Dkt. No. 23-12.)

On May 22, 2017, Plaintiff filed his Reply, ("Reply," Dkt. No. 25), along with the Supplemental Declaration of Alastair Hamblin, ("Hamblin Supp. Decl., Dkt. No. 25-1), which attaches the following Exhibits:

- Exhibit A: order for remand issued in the case Doreen Kent, et al. v. FCA US LLC, ED CV 17-572 PA (AGRx) (Dkt. No. 25-2); and
- Exhibit B: notice of removal in Doreen Kent, et al. v. FCA US LLC, ED CV 17-572 PA (AGRx) (Dkt. No. 25-3.)

Plaintiff also accompanied his Reply with Objections to the Declaration of Scott S. Shepardson.  (Dkt. No. 25-4.)[2]

## II. LEGAL STANDARD

Plaintiff's claims arise under state law, and Defendant removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.  Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013).  Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over state law actions where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.  Diversity of citizenship must be complete, and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

If an amount in controversy is not stated in the complaint, the defendant bears the burden to establish the amount in controversy at removal.  Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013).  A removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).  A defendant's amount in controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court."  Id. at 553.  If "defendant's assertion of the amount in controversy is challenged…both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  Id. at 554.  This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)).  Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure."  Ibarra, 775 F.3d at 1198.

//

---

[2] Plaintiff objects to the Shepardson Declaration as hearsay and lacking in foundation for his personal knowledge of Dutch Civil Law.  (Dkt. No. 25-4, 3.)  Plaintiff similarly objects to Defendant's Exhibit 1 attached to the Shepardson Declaration.  Plaintiff argues that the website (www.dutchcivillaw.com), which contains the translation of Book 2 of the Dutch Civil Code, lacks foundation because it "is not operated by any government agency or legal reporting service but, instead, looks like the private account of a private citizen."  (Id.) Plaintiff, therefore, maintains that the website cannot be relied on for its accurate statement of Dutch law and the translation cannot be deemed accurate.  (Id.)  The Court does not rely on the Shepardson Declaration, so Plaintiff's objection is moot.

## III. DISCUSSION

As discussed, for the Court to retain jurisdiction over Plaintiff's claims, there must be complete diversity of citizenship between the parties and an amount-in-controversy in excess of $75,000. The Court now addresses whether Defendant's have satisfied the complete diversity and amount-in-controversy requirements by a preponderance of the evidence.[3]

### A. Amount in Controversy

Plaintiff argues that remand is proper because Defendant fails to establish the amount in controversy. (Mot. at 9.) Plaintiff maintains that "Defendant's amount-in-controversy calculation is deficient and is potentially off by tens-of-thousands of dollars." (Id. at 11.) In that vein, Plaintiff asserts that Defendant's reliance on an approximation of the cash price of the vehicle is inexplicable; "Defendant bases the amount-in-controversy calculation in each off of whatever RISC figure they chose, be it the cash price, total cash price, amount financed, or total sales price, without any rhyme or reason." (Id. at 12.) Plaintiff argues that because Defendant fails to provide any legitimate basis for its computation of damages under the Song-Beverly Act, it has failed to meet its burden. (Id. at 13.)

#### 1. Actual Damages Under the Song-Beverly Act

Plaintiff's complaint seeks damages under the Song-Beverly Act for breach of express and implied warranties accompanying the sale of a new 2013 Jeep Wrangler (the "subject vehicle") on May 18, 2013. (Compl. ¶¶ 9, 140-54, 155-165.) For breach of the express warranty under the Song-Beverly Act, Plaintiff seeks: reimbursement of the purchase price of the subject vehicle offset by the amount attributable to Plaintiff's use prior to the discovery of nonconformities, incidental, consequential, and general damages, costs and expenses, including attorney's fees, and a civil penalty of up to two times the amount of actual damages. (Id. at ¶¶ 151-54.) For breach of implied warranty under the Song-Beverly Act, Plaintiff seeks to revoke his acceptance of the subject vehicle, replacement or reimbursement and rescission of the sales contract under California Civil Code section 1794, any "cover" damages under California Commercial Code sections 2711, 2712, and California Civil Code section 1794, and all incidental and consequential damages. (Id. at ¶¶ 161-65.) Plaintiff also seeks punitive damages and damages for any diminution of the subject vehicle's value. (Id. at Prayer for Relief.)

---

[3] The Court notes that Plaintiff also advances comity principles to argue that remand is warranted in this case: "violations of areas of law traditionally left to states for their own determination, such as state statutes governing vehicle sales, warranties, consumer protection laws, damages and contract issues." (Mot. at 8.) For that reason, Plaintiff asserts that "[i]t is not the business of federal courts to decide California's motor vehicle sale regulations." The Court, however, will not remand on this basis. The Court routinely interprets state law and does not find that the comity concerns identified in Plaintiff's Motion are sufficiently unique or differ materially from the comity concerns at play in analogous contexts. (Id. at 9.)

California Civil Code § 1793.2(d)(2)(B) provides that the measure of damages in an action such as this one includes restitution "in an amount equal to the purchase price paid or payable by the buyer," reduced by that amount "directly attributable to use by the buyer" prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty. The actual price paid or payable by the buyer includes "any charges for transportation and manufacturer-installed options, but exclude[es] nonmanufacturer items installed by a dealer or the buyer, and include[es] any collateral charges such as sales or use tax, license fees, registration fees, and other official fees." Cal. Civ. Code § 1793.2(d)(2)(B). The set-off amount is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer...by a fraction having its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle" for correction of the problem. Civ. Code § 1793.2(d)(2)(C).

The Retail Installment Sale Contract ("RISC") attached as Exhibit 1 to Plaintiff's state court Complaint shows that the total cash price paid for the subject vehicle was $39,386.00. (Compl., Ex. 1.) Defendant maintains that the actual damages under the Song-Beverly Act will be at least $43,717.12 before subtracting the mileage offset. (Opp'n at 16.) Defendant arrives at the $43,717.12 figure by adding an estimate of $1,000 in the amount of interest Plaintiff has paid to date,[4] as well as document preparation fees, ($80.00), a DMV filing fee ($26.00), and sales tax ($3,225.20) to the total cash price of the subject vehicle. (Opp'n at 17.) Plaintiff argues that it is improper to consider interest when considering the amount-in-controversy. (Reply at 8.) Plaintiff, however, seeks restitution, incidental, consequential, and general damages, costs and expenses for alleged violations of the Song-Beverly Act claims. Under the Song-Beverly Act, the actual price paid or payable by the buyer includes any paid finance charges. See Mitchell v. Blue Bird Body Co., 80 Cal. App. 4th 32, 37 (2000); Id. at 36 ("Section 1790.4 declares the remedies provided by this chapter [the Song–Beverly Consumer Warranty Act] are cumulative and shall not be construed as restricting any remedy that is otherwise available....")(internal quotation marks omitted).

As noted above, the restitution awardable under § 1793.2(d)(2)(B) must be reduced by the amount directly attributable to use (as measured by miles driven) by the consumer prior to the first repair (or attempted repair) of the problem as pro-rated against a base of 120,000 miles. Cal. Civ. Code § 1793.2(d)(2)(B). In Plaintiff's Complaint, he alleges that he delivered the subject vehicle to an authorized FCA US LLC repair facility for a recall "[o]n or around June 28, 2014." (Compl. ¶ 97.) Defendant's warranty claim records show that the first warrantable claim on this vehicle was paid at 11,637 miles, with a repair date of July 1, 2014. (Shepardson Decl.; Pl Claim Report.) Defendant then used 11,637 miles in the calculation as "the first relevant repair" to generate a mileage offset of $3,763.00. (Opp'n at 22.) On that basis, Defendant reduced Plaintiff's actual damages to $39,954.92. (Id.) Based on Defendant's submissions, the Court

---

[4] The RISC shows that Plaintiff agreed to pay 2.54% interest beginning on May 21, 2013 and continuing until June 2, 2019. (Compl. at Ex. 1.) The total finance charges contained in the RISC are $2,054.68. (Id.)

finds $39,954.92 to be a reasonable good-faith estimate of Plaintiff's actual damages if he were to succeed on his Song-Beverly Act claims.

Plaintiff challenges Defendant's method of measuring his actual damages. Yet, neither his Motion nor his Reply offer an alternative to the total cash price he paid for the subject vehicle in estimating his actual damages. Furthermore, in arguing Defendant's calculation is defective, Plaintiff does not indicate what the appropriate mileage offset should be. As such, the Court finds that Plaintiff has failed to rebut Defendant's showing. Thus, the Court concludes that Defendant's submissions are sufficient to establish by a preponderance of evidence that Plaintiff's Song-Beverly Act damages are at least $39,954.20.

### 2. Civil Penalties

As discussed, Plaintiff seeks a civil penalty of up to two times the amount of actual damages. (Compl. ¶ 154.) "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff." Saulic v. Symantec Corp., No. SA 07-cv-00610-AHS-PLAx, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007). The Song-Beverly Act provides that a civil penalty of twice the amount of the actual damages is available pursuant to California Civil Code §§ 1794(c) and (e). A conservative estimate of civil penalties based on the purchase price minus the mileage offset is at least $71,246. Further, based on Defendant's reasonable estimate of Plaintiff's actual damages, the civil penalty award could be up to $79,908.40.

### 3. Attorney's Fees

As mentioned above, Plaintiff's Complaint seeks an award of attorney's fees. (Compl. at Prayer for Relief.) An award of attorney's fees may be considered in tabulating the amount in controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155–56 (9th Cir. 1998). The parties have not proffered any evidence of Plaintiff's attorney's fees as of the date of removal. Still, the Court agrees with Defendant that the attorney's fees "even if minimal, serve only to increase the amount in controversy." (Opp'n at 20.) Upon reviewing Defendant's submissions together with the claims alleged and damages requested in Plaintiff's Complaint, the Court finds that Defendant has established by a preponderance of the evidence that the jurisdictional minimum of $75,000 has been met.

## B. Diversity of Citizenship

Plaintiff argues that absent from Defendant's Notice of Removal are any facts "regarding the laws under which Fiat Chrysler Automobiles, N.V. is organized, its capacity to sue and be sued, and whether it is recognized as a juridical person under the laws of the jurisdiction in which it is organized." (Mot. at 15.) Plaintiff therefore contends that Defendant cannot sufficiently

establish the citizenship of its foreign members and thus, cannot establish complete diversity. (Mot. at 16-17, 14.)[5]

A natural person who is a United States citizen is a citizen of the state in which he is domiciled. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. (citing Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986)). "An LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). To determine the citizenship of foreign legal entities, the court asks whether "the entity is considered a juridical person under the law that created it." Cohn v. Rosenfeld, 733 F.2d 625, 629 (9th Cir. 1984). Courts look to whether the foreign entity has the capacity to both sue and be sued in its own name, whether any recovery in such litigation becomes an asset of the entity, and whether the foreign entity is recognized as a legally independent organized enterprise under the laws of the relevant jurisdiction. Id.

Plaintiff is a citizen of California. (Compl. ¶ 2.) Both FCA US LLC and its sole member FCA North America Holding LLC are LLCs. (Krueger Decl. ¶¶ 2, 3.) Their citizenship, therefore, depends on the citizenship of Fiat Chrysler Automobiles, N.V., the sole member of FCA North America Holding LLC. (Id. at ¶ 4.) Fiat Chrysler Automobiles N.V. is a public limited liability company pursuant to the laws of the Netherlands and has its principal executive office and headquarters in London, United Kingdom. (Id. at ¶ 7.) Since Fiat Chrysler Automobiles, N.V. is a foreign corporate entity, the Court looks to the laws of the Netherlands to determine whether it is considered a juridical person. Defendant has submitted the Declaration of Kris Krueger, the Senior Staff Counsel of FCA US LLC, describing Fiat Chrysler Automobiles N.V. as a public limited liability company (naamloze vennotschap) under Dutch law. (Id. at ¶ 7.)[6] Kris Krueger further declares that under Dutch law, Fiat Chrysler Automobiles N.V. may sue in

---

[5] Plaintiff points out that complete diversity was not established in Defendant's Notice of Removal. Defendant may, however, submit evidence of the parties' citizenship in an opposition to a motion to remand and satisfy its burden. Waller v. Hewlett-Packard Co., 11CV0454-LAB RBB, 2011 WL 8601207, at *2 (S.D. Cal. May 10, 2011) ("... [A] party can supplement its showing in an opposition to a motion to remand.") (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002)) ("[T]he district court did not err in construing Petsmart's opposition as an amendment to its notice of removal")).

[6] Plaintiff objects to the Declaration of Kris Krueger as hearsay and lacking in personal knowledge and foundation. (Dkt. No. 15-3, 3-4.) Specifically, Plaintiff argues that Kris Krueger, as an employee, of FCA US LLC, has provided no basis for his personal knowledge regarding the corporate and legal status of Fiat Chrysler Automobiles, N.V., a foreign entity, by which he is not employed. (Id. at 3.) The Court overrules the objection. Mr. Krueger declares that he has personal knowledge of the facts attested to in his declaration. Moreover, the Court finds no reason to question his knowledge of the corporate and legal status of entities that are related to his employer.

its own name in the courts of the Netherlands, and may obtain recovery on its own behalf from such lawsuit under Dutch law. (Id. at ¶¶ 8, 9.)

The Court concludes that the evidence submitted by Defendant is sufficient to establish that Fiat Chrysler Automobiles N.V. is a juridical person under Dutch law. The Court, therefore, finds that defendant FCA US LLC is not a citizen of California. Accordingly, Defendant has successfully established that the parties are completely diverse by a preponderance of the evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it has subject matter jurisdiction over this action under 28 U.S.C. § 1332. On that basis, the Court DENIES Plaintiff's Motion to Remand. (Dkt. No. 15.)

**IT IS SO ORDERED.**